**UNITED STATES DISTRICT COURT**
**THE EASTERN DISTRICT OF PENNSYLVANIA**

ELIZABETH CARDONA and
JERARD BROWN,

                          Plaintiffs,          Civil Action No.

        v.

VIVINT SOLAR, INC.,
VIVINT SOLAR DEVELOPER, LLC, and
SOLAR MOSAIC, INC.,

                      Defendants.

**UNITED STATES DISTRICT COURT**
**THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ELIZABETH CARDONA and
JERARD BROWN,

                          Plaintiffs,          Civil Action No. 18-cv-02838-SCB-JSS

        v.

VIVINT SOLAR, INC.,
VIVINT SOLAR DEVELOPER, LLC, and
SOLAR MOSAIC, INC.,

                      Defendants.

**<u>DEFENDANTS' MOTION TO QUASH OR MODIFY SUBPOENA AND
INCORPORATED MEMORANDUM OF LAW</u>**

**INTRODUCTION**

Defendants Vivint Solar, Inc., Vivint Solar Developer, LLC, and Solar Mosaic, Inc., ("Defendants") pursuant to Rule 45 hereby move to quash or modify the subpoena (the "Subpoena") served by Plaintiffs Elizabeth Cardona and Jerard Brown (collectively "Plaintiffs"). The Subpoena is an improper attempt to compel nonparty TransUnion LLC. ("TransUnion") to produce documents that exceed the scope of the Discovery Order entered in the underlying action, *Cardona, et. al. v. Vivint Solar, Inc., et al.*, No. 18-cv-02838-SCB-JSS (M.D. Fl.) (the "Underlying Action"). A true and correct copy of the Subpoena is attached hereto as **Exhibit A**. Plaintiffs' should not be able to circumvent the Discovery Order entered by the Honorable Julie S. Sneed in the Underlying Action by subpoenaing non-parties for information and documents that far exceed the scope of discovery permitted among the actual parties to the Underlying Action.

For the foregoing reasons, the Subpoena should be quashed or modified.

**PROCEDURAL HISTORY AND FACTUAL BACKGROUND**

Plaintiffs commenced this action on October 15, 2018 in the United States District Court, Middle District of Florida, under Docket Number 18-cv-02838-SCB-JSS alleging that Defendants violated the federal Fair Credit Reporting Act ("FCRA") by pulling their credit without permission. *See* Compl., Dkt. No. 1-2. Plaintiffs initially propounded discovery upon Defendants seeking production of, *inter alia*, similar consumer claims of improper credit pulls without any geographic or time limitation. Defendants objected because the requests were not relevant or proportional to the needs of a single plaintiff's FCRA claim when the allegations amount to a "he said, she said" dispute.[1] Further, mere allegations of improper credit pulls do not mean that a violation actually occurred.

---

[1]   While there are two Plaintiffs in the action, each Plaintiff has asserted individual claims.

The Honorable Julie S. Sneed agreed and by Order dated July 23, 2019, denied Plaintiffs' motions to compel and limited discovery to claims of improper credit pulls made against Defendants (i) by consumers from Florida, and (ii) for complaints alleging FCRA violations during 2016 and 2017 (the "Discovery Order").  *See* Dkt. No. 34, also attached as **Exhibit B.**

Notwithstanding the Discovery Order, on August 29, 2019, Plaintiffs served TransUnion with the Subpoena seeking, *inter alia*, information "reflecting the allegation that [Defendants] accessed a consumer's credit report without authorization…[or] a permissible purpose."  *See* Exhibit A.   The Subpoena also improperly seeks information "related to any review or investigation whether [Defendants]…was obtaining consumer credit reports without authorization or a permissible purpose." *Id.*

Indeed, the Subpoena to TransUnion is a flagrant attempt to circumvent the Discovery Order.  Specifically, paragraphs 12 through 14 in the subpoena *duces tecum*,[2] as well as paragraphs 12 through 14 in the subpoena *ad testificandum*,[3] seek documents and testimony regarding:

- "[T]he allegation that [Defendants] accessed a consumer's credit report without authorization."

- "[T]he allegation that [Defendants]… accessed a consumer's credit report without a permissible purpose."

- "[A]ny review or investigation conducted by [TransUnion into whether [Defendants] was obtaining consumer credit reports without authorization or a permissible purpose."

These topics are intentionally broad, and are not limited geographically to Florida nor temporally limited to complaints during 2016 and 2017, as ordered by the Honorable Julie S.

---

[2]    *See* Exhibit A, p. 3, ¶¶ 12, 13, and 14.

[3]    *See* Exhibit A, p. 5, ¶¶ 12, 13, and 14.

Sneed.  This information is also sensitive because disclosure would require the release of sensitive consumers' personal identifiable information.

The Subpoena demands production of the documents on September 16, 2019 and testimony on September 23, 2019.  *Id.* at 1.  To be clear, Defendants do not object to those requests which pertain specifically to each Plaintiff (i.e., Request Nos. 4-11 and the corresponding Deposition Topic Nos. 4-11).  Nor do Defendants object to those requests which relate to their subscriber agreements with TransUnion (i.e., Request Nos. 1-3 and the corresponding Deposition Topic Nos. 1-3), as the Honorable Julie S. Sneed ordered Defendants to produce the same.

For the foregoing reasons, Defendants hereby move to quash or modify the Subpoena.

## ARGUMENT AND CITATION TO AUTHORITY

### 1.      Defendants Have Standing to Move to Quash or Modify the Subpoena

Where a subpoena implicates the privileges of a third person, the third person has a right to move to quash or modify the subpoena.  *See New Park Entm't L.L.C. v. Elec. Factory Concerts, Inc.,* Civil Action No. 98-775, 2000 U.S. Dist. LEXIS 531 (E.D. Pa. Jan. 13, 2000) (Defendants found to have standing to move to quash the subpoena plaintiff served upon multiple nonparties because defendants had personal right in the requested documentation); *see also Thomas v. Marina Assocs.*, 202 F.R.D. 433, 434 (E.D. Pa. 2001) (citing *Johnson v. Gmeinder*, 191 F.R.D. 638, 640 n.2 (D. Kan. 2000)); *see also First Sealord Sur. v. Durkin & Devries Ins. Agency*, 918 F. Supp. 2d 362, 382 (E.D. Pa. 2013) (citing *Davis v. General Accident Ins. Co. of America*, No. 98-4736, 1999 U.S. Dist. LEXIS 5344, 1999 WL 228944, at *2 (E.D. Pa. April 15, 1999)).

Although Defendants are third-parties to the Subpoena, every paragraph in the Subpoena requests documents and testimony about Defendants.  Moreover, the Subpoena seeks documents and testimony outside the parameters of discovery defined in the underlying action by the Middle District of Florida.  "[A] party has standing to move to [quash a non-party subpoena] to enforce

the Court's orders and rules." *Auto-Owners Ins. Co. v. Se. Floating Docks, Inc.*, 231 F.R.D. 426, 428 (M.D. Fla. 2005); *see also Cent. Bank of Tampa v. Transamerica Ins. Grp.*, 128 F.R.D. 285 (M.D. Fla. 1989) (granting defendant's motion to quash and for a protective order as to subpoena directed to non-party that did not comply with Fed. R. Civ. P. 27).

The parameters set forth by Magistrate Judge Sneed were clear – Plaintiffs are only entitled to discovery about similar claims against Defendants of improper credit pulls in Florida for the years 2016 and 2017. But the Subpoena seeks documents and testimony about alleged improper credit pulls on a nationwide basis without any restriction as to time. Plaintiffs are intentionally defying Judge Sneed's Discovery Order. Moreover, Plaintiffs seek sensitive consumer information, and compliance with the Subpoena would require the release of personal identifiable information, like: social security numbers, driver's license numbers, passport numbers, and bank and credit/debit card numbers. Plaintiffs admits in their own complaint that consumer report data includes a "trove of sensitive personal and private information…such as his birth date, credit history profile, pay histories, employer information and the like." *See* Dkt. No. 1, ¶ 41. Yet Plaintiffs now demand that TransUnion produce to them this same information about other consumers across the nation.

Because the Subpoena seeks documents and information outside the discovery parameters ordered by Judge Sneed and requires disclosure of sensitive consumer information, Defendants have a personal right with respect to the Subpoena and, therefore have standing as a third party to move to quash or modify the Subpoena served upon TransUnion.

  **2. The Subpoena Improperly Attempts to Seek Disclosure Materials Outside the Scope of Permissible Discovery as well as Sensitive Consumer and Company Information.**

Rule 45(d)(3)(A)(iii) provides that a subpoena must be quashed or modified when it requires disclosure of privileged or other protected matter. *See* Fed R. Civ. Pro. 45(d)(3)(A)(iii).

The provision in Rule 45 requiring quashing or modification of a subpoena that calls for disclosure of "other protected" materials refers to testimony or production that, although not privileged, is nevertheless protected from compelled disclosure. *See Moore's Federal Practice* § 45.51[3] (3d ed. 2017).

Here, the Subpoena improperly seeks information outside of the parameters and scope of permissible information set forth in Judge Sneed's Discovery Order and sensitive consumer information for individuals who are not parties to this litigation. Thus, these portions of the Subpoena should be quashed or modified as disclosure of this information and documentation is harmful to Defendants. Defendants anticipate Plaintiffs will cite to a recent decision from this Court involving a different case brought by their attorney against Vivint Solar Developer, LLC, only, also under the FCRA to support their quest for unfiltered discovery from TransUnion. *See Christine Droney, et al., v. Vivint Solar*, No. 1:19-cv-02735-WMR-RGV (N.D. Ga.) ("*Droney*"). There are two crucial distinctions between the Underlying Action and *Droney*. The credit inquiries at issue in the Underlying Action were not made by Vivint Solar Developer, LLC. They were made by Solar Mosaic, Inc. In addition, the discovery order entered by the underlying court in *Droney* regarding the issue raised here—scope of permissible discovery regarding allegations of improper credit pulls—was much broader than that permitted by the Discovery Order in the Underlying Action.[4]

Additionally, courts have routinely quashed and modified subpoenas when the information and documentation demanded in a subpoena conflicts with a prior discovery order. *See Trans Energy, Inc. v. EQT Prod. Co.*, Civil Action No. 5:13CV93, 2016 U.S. Dist. LEXIS 10530 (N.D.

---

[4]   The *Droney* Court permitted discovery on this issue from six states. The Discovery Order in the Underlying Action is much narrower.

W. Va. Jan. 29, 2016) (the court quashed the subpoena because it sought discovery outside of the parameters established in the prior discovery order); *see also Zoltek Corp. v. United States*, 104 Fed. Cl. 647 (2012) (the court modified the subpoena to conform with the parameters set forth in the prior discovery order). [5] The Subpoena issued in this case is in direct conflict with Judge Sneed's prior Discovery Order.  Judge Sneed ordered that Plaintiffs were only entitled to "any prior complaint from Florida, in 2016 and 2017," that alleges the Defendants violated the FCRA by obtaining a consumer's credit report without authorization. *See* Exhibit B.  Plaintiffs now seek to avoid that Order by issuing the Subpoena.

Compliance with paragraphs 12 through 14 in the Subpoena *duces tecum* as well as paragraphs 12 through 14 in the Subpoena *ad testificandum* will result in (1) discovery being produced that is outside of Judge Sneed's Discovery Order; and (2) the release of nonparties' sensitive consumer information.  Thus, the Subpoena should be quashed in its entirety or modified to comply with the Discovery Order.

## CONCLUSION

Plaintifs' Subpoena to TransUnion does not comply with Federal Rule of Civil Procedure 45 because it requires disclosure of protected matter in violation of Rule 45(d)(3)(A)(iii) and requires disclosure of sensitive consumer information.   Accordingly, Defendants respectfully request that the Court quash the Subpoena, or modify the requests to comply with Judge Sneed's Discovery Order.

---

[5]   It is axiomatic that a court will permit broader discovery obligations on on-parties than those discovery obligations on actual parties to the litigation.

Respectfully Submitted,

Dated: September 12, 2019

Daniel T McKenna, Esquire
mckennad@ballardspahr.com
Jenny N. Perkins, Esquire
perkinsj@ballardspahr.com
**BALLARD SPAHR LLP**
1735 Market Street, 51st Floor
Philadelphia, PA  19103-7599
Telephone: 215.864.8321
Facsimile: 215.864.8999

*Attorneys for Defendant Vivint Solar*

# Exhibit A

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLANIA**

ELIZABETH CARDONA and : 
JERARD BROWN, : 
                 Plaintiffs, : 
       v. :      CASE NO: 
                          : 
VIVINT SOLAR, INC., : 
VIVINT SOLAR DEVELOPER, LLC, and : 
SOLAR MOSAIC, INC., : 
                 Defendants. : 

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ELIZABETH CARDONA and : 
JERARD BROWN, : 
                  Plaintiffs, : 
       v. :      CASE NO.:    18-cv-02838-SCB-JSS 
                          : 
VIVINT SOLAR, INC., : 
VIVINT SOLAR DEVELOPER, LLC, and : 
SOLAR MOSAIC, INC., : 
                 Defendants.   : 

**SUBPOENA FOR DEPOSITION AND PRODUCTION OF**
**DOCUMENTS TO TRANS UNION, LLC**

TO:     Trans Union, LLC
        c/o Custodian of Records
        1510 Chester Pike
        Crum Lynne, PA 19022

       Pursuant to F.R.Civ.P. 45, you are directed to appear for deposition and to produce such documents as are in your possession, custody or control at the time and place below stated in connection with the within matter.

       **Document Production Time Date and Place** – **Tuesday, September 17, 2019, at 1:30 p.m., at the offices Flitter Milz, PC, 450 N. Narberth Avenue, Narberth, PA, 19072, 610-822-0781.**

**AND PRODUCE THE FOLLOWING DOCUMENTS:**

1.      Your subscriber agreement, user agreement, data agreement, or similar agreement with Vivint Solar, Inc. governing Vivint Solar, Inc.'s ability to obtain consumer credit data from you.

2.      Your subscriber agreement, user agreement, data agreement, or similar agreement with Vivint Solar Developer, LLC governing Vivint Solar Developer, LLC's ability to obtain consumer credit data from you.

3.      Your subscriber agreement, user agreement, data agreement, or similar agreement with Solar Mosaic, Inc. governing Solar Mosaic, Inc.'s ability to obtain consumer credit data from you.

4.      Documents reflecting what, if any, permissible purpose Vivint Solar, Inc., Vivint Solar Developer, LLC, or Solar Mosaic, Inc. represented to you that allowed it to obtain the credit report of Elizabeth Cardona on January 23, 2017.

5.      Documents reflecting what, if any, permissible purpose Vivint Solar, Inc., Vivint Solar Developer, LLC, or Solar Mosaic, Inc. represented to you that allowed it to obtain the credit report of Jerard Brown on September 26, 2017.

6.      The credit profile of Elizabeth Cardona for January 23, 2017.

7.      The credit profile of Jerard Brown for September 26, 2017.

8.      Any authorization in your possession for release of Elizabeth Cardona's credit information to Vivint Solar, Inc., Vivint Solar Developer, LLC, or Solar Mosaic, Inc..

9.      Any authorization in your possession for release of Jerard Brown's credit information to Vivint Solar, Inc., Vivint Solar Developer, LLC, or Solar Mosaic, Inc..

10.     Any correspondence from Vivint Solar, Inc., Vivint Solar Developer, LLC, or Solar Mosaic, Inc. to you mentioning Elizabeth Cardona.

11.     Any correspondence from Vivint Solar, Inc., Vivint Solar Developer, LLC, or Solar Mosaic, Inc. to you mentioning Jerard Brown.

12.     Any documents in your possession reflecting the allegation that Vivint Solar, Inc., Vivint Solar Developer, LLC, or Solar Mosaic, Inc. accessed a consumer's credit report without authorization.

13.     Any documents in your possession reflecting the allegation that Vivint Solar, Inc., Vivint Solar Developer, LLC, or Solar Mosaic, Inc. accessed a consumer's credit report without a permissible purpose.

14.     Any and all documents in your custody, control or possession relating to any review or investigation conducted by you into whether Vivint Solar, Inc., Vivint Solar Developer, LLC, or Solar Mosaic, Inc. was obtaining consumer credit reports without authorization or a permissible purpose.

**Deposition Time Date and Place – Tuesday, September 24, 2019, at 1:30 p.m., at the offices Flitter Milz, PC, 450 N. Narberth Avenue, Narberth, PA, 19072, 610-822-0781.**

Pursuant to F.R.Civ.P. 30(b), you are to designate one or more officers, agents or employees, knowledgeable to testify concerning:

1.     Your subscriber agreement, user agreement, data agreement, or similar agreement with Vivint Solar, Inc. governing Vivint Solar, Inc.'s ability to obtain consumer credit data from you.

2.      Your subscriber agreement, user agreement, data agreement, or similar agreement with Vivint Solar Developer, LLC governing Vivint Solar Developer, LLC's ability to obtain consumer credit data from you.

3.      Your subscriber agreement, user agreement, data agreement, or similar agreement with Solar Mosaic, Inc. governing Solar Mosaic, Inc.'s ability to obtain consumer credit data from you.

4.      What, if any, permissible purpose Vivint Solar, Inc., Vivint Solar Developer, LLC, or Solar Mosaic, Inc. represented to you that allowed it to obtain the credit report of Elizabeth Cardona on January 23, 2017.  (See Ex. "A" hereto, listing inquiry).

5.      What, if any, permissible purpose Vivint Solar, Inc., Vivint Solar Developer, LLC, or Solar Mosaic, Inc. represented to you that allowed it to obtain the credit report of Jerard Brown on September 26, 2017.  (See Ex. "A" hereto, listing inquiry).

6.      The credit profile of Elizabeth Cardona for January 23, 2017.

7.      The credit profile of Jerard Brown for September 26, 2017.

8.      Any authorization in your possession for release of Elizabeth Cardona's credit information to Vivint Solar, Inc., Vivint Solar Developer, LLC, or Solar Mosaic, Inc.

9.      Any authorization in your possession for release of Jerard Brown's credit information to Vivint Solar, Inc., Vivint Solar Developer, LLC, or Solar Mosaic, Inc.

10.     Any correspondence from Vivint Solar, Inc., Vivint Solar Developer, LLC, or Solar Mosaic, Inc. to you mentioning Elizabeth Cardona.

11.     Any correspondence from Vivint Solar, Inc., Vivint Solar Developer, LLC, or Solar Mosaic, Inc. to you mentioning Jerard Brown.

4

12.     Any review or investigation whether Vivint Solar, Inc., Vivint Solar Developer, LLC, or Solar Mosaic, Inc. was obtaining consumer credit reports without authorization or a permissible purpose.

13.     Your review and/or investigation of the business procedures/practices of Vivint Solar, Inc., Vivint Solar Developer, LLC, or Solar Mosaic, Inc.

14.     The location, custodian and contents of the documents (including electronically stored documents) requested in this Subpoena.

---

(a)     Protection of Persons Subject to Subpoenas.

(1)     A party or any attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing under burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty and appropriate sanctions, which may include, but it not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)     Subject to paragraph (d)(2) of this rule, a personal commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspection and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
         (i)      fails to allow reasonable time for compliance;
         (ii)     requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly

transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

        (iii)    requires disclosure of privileged or other protected mater and no exception or waiver applies, or

        (iv)    subjects a person to undue burden.

    (B)    If a subpoena

        (i)    requires disclosure of a trade secret or other confidential research, development or commercial information, or

        (ii)    requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

        (iii)    requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

    (b)    Duties in Responding to Subpoena

    (1)    A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

    (2)    When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications or things not produced that is sufficient to enable the demanding party to contest the claim.

Date: <u>August 29, 2019</u>

                              *s/Andrew M. Milz*
                              CARY L. FLITTER
                              ANDREW M. MILZ
                              JODY T. LÓPEZ-JACOBS
                              *Attorneys for Plaintiff*

                              **FLITTER MILZ, P.C.**
                              1814 East Route 70, Ste 350
                              Cherry Hill, NJ 08003

# Exhibit B

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JERARD BROWN and ELIZABETH
CARDONA,

       Plaintiffs,

v.                                        Case No: 8:18-cv-2838-T-24JSS

VIVINT SOLAR, INC., VIVINT SOLAR
DEVELOPER, LLC and SOLAR MOSAIC,
INC.,

       Defendants.

_____/

## ORDER

THIS MATTER is before the Court on Plaintiffs' Motion to Compel Complete Responses

to Plaintiffs' Interrogatories and Requests for Production of Documents Directed to Defendant

Solar Mosaic, Inc. ("Motion to Compel Mosaic") (Dkt. 20) and Plaintiffs' Motion to Compel

Complete Responses to Plaintiffs' Interrogatories and Requests for Production of Documents

Directed to Defendants Vivint Solar, Inc. and Vivint Solar Developer, LLC ("Motion to Compel

Vivint") (Dkt. 21), with Defendants' respective responses in opposition (Dkts. 24, 25).  On July

22, 2019, the Court held a hearing on both motions.  For the reasons discussed at the hearing and

set forth below, both motions are granted in part and denied in part.

## BACKGROUND

Jerard Brown and Elizabeth Cardona initiated this action in the Thirteenth Judicial Circuit

of Florida, alleging several counts of violations of the Fair Credit Reporting Act ("FCRA") and

several counts for declaratory relief, against Vivint Solar, Inc., Vivint Solar Developer, LLC

(collectively "Vivint"), and Solar Mosaic, Inc. ("Mosaic").  (Dkt. 1-2.)  Plaintiffs generally allege

that Defendants violated the FCRA by obtaining Plaintiffs' credit reports "upon false pretenses,

without authorization by the consumer, and without a permissible purpose." (Dkt. 1-2 ¶¶ 13, 32, 45, 88.)  On November 19, 2018, Defendants removed the action to this Court.  (Dkt. 1.)  In the instant Motions, Plaintiffs move to compel several categories of discovery.

## APPLICABLE STANDARDS

A party is entitled to "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "Proportionality requires counsel and the court to consider whether relevant information is discoverable in view of the needs of the case." *Tiger v. Dynamic Sports Nutrition, LLC*, 2016 WL 1408098, at *2 (M.D. Fla. Apr. 11, 2016).  "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id.*  A party may move for an order compelling disclosure or discovery.  Fed. R. Civ. P. 37.  The Court has broad discretion in managing pretrial discovery matters and in deciding to compel. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1306 (11th Cir. 2011); *Perez v. Miami-Dade Cnty.*, 297 F.3d 1255, 1263 (11th Cir. 2002).

## ANALYSIS

### A. Withdrawn Requests

At the hearing, Plaintiffs withdrew several requests.  Based on these withdrawals, the Motion to Compel Mosaic is denied as to request for production twenty-one; and the Motion to Compel Vivint is denied as to requests for production three, seven through fourteen, and twenty-one, and denied as to interrogatory eight.

### B. Subscriber Agreements

In both motions, Plaintiffs move to compel production of Defendants' subscriber agreements with each of the main credit reporting agencies. (Dkt. 20 at 4; Dkt. 21 at 7.)  The Court

- 2 -

finds these documents to be relevant and proportional to the needs of the case.  The Motion to Compel Mosaic is granted as to request for production fifteen, and the Motion to Compel Vivint is granted as to request for production fifteen.

### C.  Policies and Procedures

In both motions, Plaintiffs move to compel production of Defendants' policies and procedures.  (Dkt. 20 at 4–6; Dkt. 21 at 7–10.)  In considering the Complaint and the needs of the case, the Court finds these documents to be relevant only to the extent they discuss compliance with the FCRA.  Defendants should produce the portions of the requested policies and procedures which relate to the FCRA along with the tables of contents so Plaintiffs can ensure production of all relevant portions.  The Motion to Compel Mosaic is granted in part and denied in part, as specified herein, as to requests for production seventeen through twenty, and the Motion to Compel Vivint is granted in part and denied in part, as specified herein, as to requests for production sixteen through twenty.

### D.  Employee Information

Plaintiffs move to compel Vivint to provide documents containing the contact information of each employee that communicated with Plaintiffs, as well as those employees' employment agreements, compensation agreements, and sales goals.  (Dkt. 21 at 10.)  Vivint agrees to provide this information.  The Motion to Compel Vivint is granted as to requests for production twenty-two and twenty-five through twenty-seven.  Both motions also request the personnel files for the same employees, including background checks, disciplinary records, and training records.  (Dkt. 20 at 6; Dkt. 21 at 11.)  Defendants agree to provide this information.  However, to the extent the requests encompass criminal records, the motions are denied without prejudice for the parties to confer on safeguarding the employees' privacy rights.  The Motion to Compel Mosaic is granted

in part and denied in part, as specified herein, as to request for production twenty-three, and the Motion to Compel Vivint is granted in part and denied in part, as specified herein, as to request for production twenty-three.

### E. Employees' Location and Prospective Customers

Plaintiffs move to compel Vivint to provide documents "reflecting the whereabouts of [Vivint's] employees, agents, or representatives who were in Plaintiffs' zip codes when their credit was run." (Dkt. 21 at 11.) Plaintiffs also specifically request "Prospective Customer Consent Forms" obtained by Vivint's "representatives, employees, and/or agents in Plaintiffs' zip codes in the month in which Plaintiffs' credit was run." (Dkt. 21 at 28.) The Court finds that Plaintiffs have not established the relevance of these broad requests, or their proportionality to the needs of the case. The Motion to Compel Vivint is denied as to requests for production twenty-four and twenty-eight.

### F. Other Complaints

Both motions move to compel Defendants to provide information regarding other relevant complaints. (Dkt. 20 at 6–9; Dkt. 21 at 13–21.) The parties agree that prior complaints of FCRA violations are relevant to the issue of willfulness under the FCRA. *See Harris v. Mexican Specialty Foods, Inc.*, 564 F.3d 1301, 1310 (11th Cir. 2009) ("A violation is 'willful' for the purposes of the FCRA if the defendant violates the terms of the Act with knowledge or reckless disregard for the law."). However, considering the relevance of prior complaints and the proportionality to the needs of the case, the Court will limit the scope of discovery in this area. Defendants shall produce any prior complaints from Florida, in 2016 and 2017, that allege Defendants violated the FCRA by obtaining a consumer credit report without authorization by the consumer. The Motion to Compel Mosaic is granted in part and denied in part, as specified herein, as to requests for

production twenty-nine through thirty-two and as to interrogatory fourteen; the Motion to Compel Vivint is granted in part and denied in part, as specified herein, as to requests for production twenty-nine through thirty-two and as to interrogatories five and fourteen.

**G. Net Worth**

Plaintiff moves to compel Vivint to provide documents reflecting Vivint's financial records and current net worth.  (Dkt. 21 at 18.)  The parties have agreed to exchange this discovery after the Court rules on dispositive motions.  The Motion to Compel Vivint is denied without prejudice as to request for production thirty-three.

Accordingly, it is **ORDERED** that:

1.  Plaintiffs' Motion to Compel Complete Responses to Plaintiffs' Interrogatories and Requests for Production of Documents Directed to Defendant Solar Mosaic, Inc. (Dkt. 20) and Plaintiffs' Motion to Compel Complete Responses to Plaintiffs' Interrogatories and Requests for Production of Documents Directed to Defendants Vivint Solar, Inc. and Vivint Solar Developer, LLC (Dkt. 21) are **GRANTED IN PART** and **DENIED IN PART** to the extent specified herein; and

2.  Defendants shall produce the discovery compelled by this order on a rolling basis to conclude by August 6, 2019.

**DONE** and **ORDERED** in Tampa, Florida, on July 23, 2019.

JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record

## CERTIFICATE OF SERVICE

I hereby certify that on this **12** day of September, 2019, I served a copy of **DEFENDANTS'**

**MOTION TO QUASH SUBPOENA AND INCORPORATED MEMORANDUM OF LAW**

with the Clerk of Court and all parties of record using the CM/ECF system and via FedEx.

Jenny N. Perkins

**UNITED STATES DISTRICT COURT**
**THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ELIZABETH CARDONA and JERARD BROWN, <br><br> Plaintiffs, <br><br> v. <br><br> VIVINT SOLAR, INC., VIVINT SOLAR DEVELOPER, LLC, and SOLAR MOSAIC, INC., <br><br> Defendants. | Civil Action No. |

**UNITED STATES DISTRICT COURT**
**THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| ELIZABETH CARDONA and JERARD BROWN, <br><br> Plaintiffs, <br><br> v. <br><br> VIVINT SOLAR, INC., VIVINT SOLAR DEVELOPER, LLC, and SOLAR MOSAIC, INC., <br><br> Defendants. | Civil Action No. 18-cv-02838-SCB-JSS |

## MOTION TO QUASH OR MODIFY SUBPOENA

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Defendants, by its undersigned counsel, hereby move the Court to quash or modify the subpoena (the "Subpoena") served by Plaintiffs Elizabeth Cardona and Jerard Brown ("Plaintiffs") upon nonparty TransUnion LLC ("TransUnion"). The Subpoena is improper for two reasons. First, it seeks to compel nonparty TransUnion to produce documents that exceed the scope of discovery orders entered in this case. Second, the Subpoena seeks the disclosure of protected documents in violation of Rule

45(d)(3)(A)(iii) and the disclosure of sensitive consumer information in violation of Rule 45(d)(3)(B)(i).  The grounds for this Motion are set forth in the accompanying memorandum of law.

Respectfully submitted,

Dated: September 12, 2018

Daniel J. McKenna, Esquire
mckennad@ballardspahr.com
Jenny N. Perkins, Esquire
perkinsj@ballardspahr.com
**BALLARD SPAHR LLP**
1735 Market Street, 51st Floor
Philadelphia, PA  19103-7599
Telephone: 215.864.8321
Facsimile: 215.864.8999

*Attorneys for Defendant Vivint Solar*

## CERTIFICATE OF SERVICE

I hereby certify that on this *12* day of September, 2019, I served a copy of **DEFENDANTS'**

**MOTION TO QUASH SUBPOENA AND INCORPORATED MEMORANDUM OF LAW**

with the Clerk of Court and all parties of record using the CM/ECF system and via FedEx.

Jenny N. Perkins

**UNITED STATES DISTRICT COURT**
**THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ELIZABETH CARDONA and<br>JERARD BROWN,<br><br>                         Plaintiffs,<br><br>     v.<br><br>VIVINT SOLAR, INC.,<br>VIVINT SOLAR DEVELOPER, LLC, and<br>SOLAR MOSAIC, INC.,<br><br>                     Defendants. | Civil Action No. |

**UNITED STATES DISTRICT COURT**
**THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| ELIZABETH CARDONA and<br>JERARD BROWN,<br><br>                         Plaintiffs,<br><br>     v.<br><br>VIVINT SOLAR, INC.,<br>VIVINT SOLAR DEVELOPER, LLC, and<br>SOLAR MOSAIC, INC.,<br><br>                     Defendants. | Civil Action No. 18-cv-02838-SCB-JSS |

**<u>CERTIFICATION OF COUNSEL</u>**

I, Jenny N. Perkins, of full age, certifies as follows:

1.      I am an attorney at law in the State of Pennsylvania, and a partner at the law firm of Ballard Spahr LLP, attorneys for for Defendants in the above-captioned matter.  I make this Certification based upon my personal knowledge and in support of Defendants' Motion to Quash Subpoena.

2.      A true and correct copy of the August 29, 2019 subpoena served upon TransUnion, LLC ("TransUnion"), is attached as **Exhibit 1**.

3.      A true and correct copy of Judge Sneed's Order limiting discovery of the portions of the subpoena Defendants seek to quash here, are attached hereto as **Exhibit 2**.

4.      A true and correct copy of the October 15, 2018 complaint in *Elizabeth Cardona and Jerard Brown v. Vivint Solar*, Civil Action No. 18-cv-02838-SCB-JSS (M.D.FL.) is attached as **Exhibit 3**.

I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: September 12, 2018

Jenny N. Perkins, Esquire
perkinsj@ballardspahr.com
**BALLARD SPAHR LLP**
1735 Market Street, 51st Floor
Philadelphia, PA  19103-7599
Telephone: 215.864.8321
Facsimile: 215.864.8999

*Attorneys for Defendant Vivint Solar*

# Exhibit 1

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLANIA**

ELIZABETH CARDONA and          :
JERARD BROWN,                   :
              Plaintiffs,    :
      v.                         :     CASE NO:
                    :
VIVINT SOLAR, INC.,             :
VIVINT SOLAR DEVELOPER, LLC, and :
SOLAR MOSAIC, INC.,             :
             Defendants.     :

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ELIZABETH CARDONA and          :
JERARD BROWN,                   :
              Plaintiffs,    :
      v.                         :     CASE NO.:    18-cv-02838-SCB-JSS
                    :
VIVINT SOLAR, INC.,             :
VIVINT SOLAR DEVELOPER, LLC, and :
SOLAR MOSAIC, INC.,             :
             Defendants.     :

**SUBPOENA FOR DEPOSITION AND PRODUCTION OF**
**DOCUMENTS TO TRANS UNION, LLC**

TO:    Trans Union, LLC
        c/o Custodian of Records
        1510 Chester Pike
        Crum Lynne, PA 19022

      Pursuant to F.R.Civ.P. 45, you are directed to appear for deposition and to produce such

documents as are in your possession, custody or control at the time and place below stated in

connection with the within matter.

      **Document Production Time Date and Place – Tuesday, September 17, 2019, at 1:30**

**p.m., at the offices Flitter Milz, PC, 450 N. Narberth Avenue, Narberth, PA, 19072, 610-**

**822-0781.**

**AND PRODUCE THE FOLLOWING DOCUMENTS:**

1.      Your subscriber agreement, user agreement, data agreement, or similar agreement with Vivint Solar, Inc. governing Vivint Solar, Inc.'s ability to obtain consumer credit data from you.

2.      Your subscriber agreement, user agreement, data agreement, or similar agreement with Vivint Solar Developer, LLC governing Vivint Solar Developer, LLC's ability to obtain consumer credit data from you.

3.      Your subscriber agreement, user agreement, data agreement, or similar agreement with Solar Mosaic, Inc. governing Solar Mosaic, Inc.'s ability to obtain consumer credit data from you.

4.      Documents reflecting what, if any, permissible purpose Vivint Solar, Inc., Vivint Solar Developer, LLC, or Solar Mosaic, Inc. represented to you that allowed it to obtain the credit report of Elizabeth Cardona on January 23, 2017.

5.      Documents reflecting what, if any, permissible purpose Vivint Solar, Inc., Vivint Solar Developer, LLC, or Solar Mosaic, Inc. represented to you that allowed it to obtain the credit report of Jerard Brown on September 26, 2017.

6.      The credit profile of Elizabeth Cardona for January 23, 2017.

7.      The credit profile of Jerard Brown for September 26, 2017.

8.      Any authorization in your possession for release of Elizabeth Cardona's credit information to Vivint Solar, Inc., Vivint Solar Developer, LLC, or Solar Mosaic, Inc..

9.      Any authorization in your possession for release of Jerard Brown's credit information to Vivint Solar, Inc., Vivint Solar Developer, LLC, or Solar Mosaic, Inc..

10.     Any correspondence from Vivint Solar, Inc., Vivint Solar Developer, LLC, or Solar Mosaic, Inc. to you mentioning Elizabeth Cardona.

11.     Any correspondence from Vivint Solar, Inc., Vivint Solar Developer, LLC, or Solar Mosaic, Inc. to you mentioning Jerard Brown.

12.     Any documents in your possession reflecting the allegation that Vivint Solar, Inc., Vivint Solar Developer, LLC, or Solar Mosaic, Inc. accessed a consumer's credit report without authorization.

13.     Any documents in your possession reflecting the allegation that Vivint Solar, Inc., Vivint Solar Developer, LLC, or Solar Mosaic, Inc. accessed a consumer's credit report without a permissible purpose.

14.     Any and all documents in your custody, control or possession relating to any review or investigation conducted by you into whether Vivint Solar, Inc., Vivint Solar Developer, LLC, or Solar Mosaic, Inc. was obtaining consumer credit reports without authorization or a permissible purpose.

**Deposition Time Date and Place – Tuesday, September 24, 2019, at 1:30 p.m., at the offices Flitter Milz, PC, 450 N. Narberth Avenue, Narberth, PA, 19072, 610-822-0781.**

Pursuant to F.R.Civ.P. 30(b), you are to designate one or more officers, agents or employees, knowledgeable to testify concerning:

1.     Your subscriber agreement, user agreement, data agreement, or similar agreement with Vivint Solar, Inc. governing Vivint Solar, Inc.'s ability to obtain consumer credit data from you.

2.      Your subscriber agreement, user agreement, data agreement, or similar agreement with Vivint Solar Developer, LLC governing Vivint Solar Developer, LLC's ability to obtain consumer credit data from you.

3.      Your subscriber agreement, user agreement, data agreement, or similar agreement with Solar Mosaic, Inc. governing Solar Mosaic, Inc.'s ability to obtain consumer credit data from you.

4.      What, if any, permissible purpose Vivint Solar, Inc., Vivint Solar Developer, LLC, or Solar Mosaic, Inc. represented to you that allowed it to obtain the credit report of Elizabeth Cardona on January 23, 2017.  (See Ex. "A" hereto, listing inquiry).

5.      What, if any, permissible purpose Vivint Solar, Inc., Vivint Solar Developer, LLC, or Solar Mosaic, Inc. represented to you that allowed it to obtain the credit report of Jerard Brown on September 26, 2017.  (See Ex. "A" hereto, listing inquiry).

6.      The credit profile of Elizabeth Cardona for January 23, 2017.

7.      The credit profile of Jerard Brown for September 26, 2017.

8.      Any authorization in your possession for release of Elizabeth Cardona's credit information to Vivint Solar, Inc., Vivint Solar Developer, LLC, or Solar Mosaic, Inc.

9.      Any authorization in your possession for release of Jerard Brown's credit information to Vivint Solar, Inc., Vivint Solar Developer, LLC, or Solar Mosaic, Inc.

10.     Any correspondence from Vivint Solar, Inc., Vivint Solar Developer, LLC, or Solar Mosaic, Inc. to you mentioning Elizabeth Cardona.

11.     Any correspondence from Vivint Solar, Inc., Vivint Solar Developer, LLC, or Solar Mosaic, Inc. to you mentioning Jerard Brown.

12.     Any review or investigation whether Vivint Solar, Inc., Vivint Solar Developer, LLC, or Solar Mosaic, Inc. was obtaining consumer credit reports without authorization or a permissible purpose.

13.     Your review and/or investigation of the business procedures/practices of Vivint Solar, Inc., Vivint Solar Developer, LLC, or Solar Mosaic, Inc.

14.     The location, custodian and contents of the documents (including electronically stored documents) requested in this Subpoena.

---

(a)     Protection of Persons Subject to Subpoenas.

(1)     A party or any attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing under burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty and appropriate sanctions, which may include, but it not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)     Subject to paragraph (d)(2) of this rule, a personal commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspection and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
          (i)     fails to allow reasonable time for compliance;
          (ii)    requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly

transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)    requires disclosure of privileged or other protected mater and no exception or waiver applies, or

(iv)    subjects a person to undue burden.

(B)    If a subpoena

(i)    requires disclosure of a trade secret or other confidential research, development or commercial information, or

(ii)    requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)    requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(b)    Duties in Responding to Subpoena

(1)    A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)    When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications or things not produced that is sufficient to enable the demanding party to contest the claim.

Date:  <u>August 29, 2019</u>                                         <u>*s/Andrew M. Milz*</u>
                                                                      CARY L. FLITTER
                                                                      ANDREW M. MILZ
                                                                      JODY T. LÓPEZ-JACOBS
                                                                      *Attorneys for Plaintiff*

                                                                      **FLITTER MILZ, P.C.**
                                                                      1814 East Route 70, Ste 350
                                                                      Cherry Hill, NJ 08003

6

# Exhibit 2

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JERARD BROWN and ELIZABETH
CARDONA,

      Plaintiffs,

v.                                Case No: 8:18-cv-2838-T-24JSS

VIVINT SOLAR, INC., VIVINT SOLAR
DEVELOPER, LLC and SOLAR MOSAIC,
INC.,

      Defendants.

_____/

## **ORDER**

THIS MATTER is before the Court on Plaintiffs' Motion to Compel Complete Responses to Plaintiffs' Interrogatories and Requests for Production of Documents Directed to Defendant Solar Mosaic, Inc. ("Motion to Compel Mosaic") (Dkt. 20) and Plaintiffs' Motion to Compel Complete Responses to Plaintiffs' Interrogatories and Requests for Production of Documents Directed to Defendants Vivint Solar, Inc. and Vivint Solar Developer, LLC ("Motion to Compel Vivint") (Dkt. 21), with Defendants' respective responses in opposition (Dkts. 24, 25). On July 22, 2019, the Court held a hearing on both motions. For the reasons discussed at the hearing and set forth below, both motions are granted in part and denied in part.

## **BACKGROUND**

Jerard Brown and Elizabeth Cardona initiated this action in the Thirteenth Judicial Circuit of Florida, alleging several counts of violations of the Fair Credit Reporting Act ("FCRA") and several counts for declaratory relief, against Vivint Solar, Inc., Vivint Solar Developer, LLC (collectively "Vivint"), and Solar Mosaic, Inc. ("Mosaic"). (Dkt. 1-2.) Plaintiffs generally allege that Defendants violated the FCRA by obtaining Plaintiffs' credit reports "upon false pretenses,

without authorization by the consumer, and without a permissible purpose." (Dkt. 1-2 ¶¶ 13, 32, 45, 88.) On November 19, 2018, Defendants removed the action to this Court. (Dkt. 1.) In the instant Motions, Plaintiffs move to compel several categories of discovery.

## APPLICABLE STANDARDS

A party is entitled to "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "Proportionality requires counsel and the court to consider whether relevant information is discoverable in view of the needs of the case." *Tiger v. Dynamic Sports Nutrition, LLC*, 2016 WL 1408098, at *2 (M.D. Fla. Apr. 11, 2016). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id.* A party may move for an order compelling disclosure or discovery. Fed. R. Civ. P. 37. The Court has broad discretion in managing pretrial discovery matters and in deciding to compel. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1306 (11th Cir. 2011); *Perez v. Miami-Dade Cnty.*, 297 F.3d 1255, 1263 (11th Cir. 2002).

## ANALYSIS

### A. Withdrawn Requests

At the hearing, Plaintiffs withdrew several requests. Based on these withdrawals, the Motion to Compel Mosaic is denied as to request for production twenty-one; and the Motion to Compel Vivint is denied as to requests for production three, seven through fourteen, and twenty-one, and denied as to interrogatory eight.

### B. Subscriber Agreements

In both motions, Plaintiffs move to compel production of Defendants' subscriber agreements with each of the main credit reporting agencies. (Dkt. 20 at 4; Dkt. 21 at 7.) The Court

finds these documents to be relevant and proportional to the needs of the case. The Motion to Compel Mosaic is granted as to request for production fifteen, and the Motion to Compel Vivint is granted as to request for production fifteen.

### C. Policies and Procedures

In both motions, Plaintiffs move to compel production of Defendants' policies and procedures. (Dkt. 20 at 4–6; Dkt. 21 at 7–10.) In considering the Complaint and the needs of the case, the Court finds these documents to be relevant only to the extent they discuss compliance with the FCRA. Defendants should produce the portions of the requested policies and procedures which relate to the FCRA along with the tables of contents so Plaintiffs can ensure production of all relevant portions. The Motion to Compel Mosaic is granted in part and denied in part, as specified herein, as to requests for production seventeen through twenty, and the Motion to Compel Vivint is granted in part and denied in part, as specified herein, as to requests for production sixteen through twenty.

### D. Employee Information

Plaintiffs move to compel Vivint to provide documents containing the contact information of each employee that communicated with Plaintiffs, as well as those employees' employment agreements, compensation agreements, and sales goals. (Dkt. 21 at 10.) Vivint agrees to provide this information. The Motion to Compel Vivint is granted as to requests for production twenty-two and twenty-five through twenty-seven. Both motions also request the personnel files for the same employees, including background checks, disciplinary records, and training records. (Dkt. 20 at 6; Dkt. 21 at 11.) Defendants agree to provide this information. However, to the extent the requests encompass criminal records, the motions are denied without prejudice for the parties to confer on safeguarding the employees' privacy rights. The Motion to Compel Mosaic is granted

in part and denied in part, as specified herein, as to request for production twenty-three, and the

Motion to Compel Vivint is granted in part and denied in part, as specified herein, as to request for

production twenty-three.

### E.  Employees' Location and Prospective Customers

Plaintiffs move to compel Vivint to provide documents "reflecting the whereabouts of

[Vivint's] employees, agents, or representatives who were in Plaintiffs' zip codes when their credit

was run." (Dkt. 21 at 11.)  Plaintiffs also specifically request "Prospective Customer Consent

Forms" obtained by Vivint's "representatives, employees, and/or agents in Plaintiffs' zip codes in

the month in which Plaintiffs' credit was run." (Dkt. 21 at 28.)  The Court finds that Plaintiffs

have not established the relevance of these broad requests, or their proportionality to the needs of

the case.  The Motion to Compel Vivint is denied as to requests for production twenty-four and

twenty-eight.

### F.  Other Complaints

Both motions move to compel Defendants to provide information regarding other relevant

complaints. (Dkt. 20 at 6–9; Dkt. 21 at 13–21.)  The parties agree that prior complaints of FCRA

violations are relevant to the issue of willfulness under the FCRA. *See Harris v. Mexican Specialty*

*Foods, Inc.*, 564 F.3d 1301, 1310 (11th Cir. 2009) ("A violation is 'willful' for the purposes of the

FCRA if the defendant violates the terms of the Act with knowledge or reckless disregard for the

law.").  However, considering the relevance of prior complaints and the proportionality to the

needs of the case, the Court will limit the scope of discovery in this area.  Defendants shall produce

any prior complaints from Florida, in 2016 and 2017, that allege Defendants violated the FCRA

by obtaining a consumer credit report without authorization by the consumer.  The Motion to

Compel Mosaic is granted in part and denied in part, as specified herein, as to requests for

production twenty-nine through thirty-two and as to interrogatory fourteen; the Motion to Compel Vivint is granted in part and denied in part, as specified herein, as to requests for production twenty-nine through thirty-two and as to interrogatories five and fourteen.

### G. Net Worth

Plaintiff moves to compel Vivint to provide documents reflecting Vivint's financial records and current net worth. (Dkt. 21 at 18.) The parties have agreed to exchange this discovery after the Court rules on dispositive motions. The Motion to Compel Vivint is denied without prejudice as to request for production thirty-three.

Accordingly, it is **ORDERED** that:

1. Plaintiffs' Motion to Compel Complete Responses to Plaintiffs' Interrogatories and Requests for Production of Documents Directed to Defendant Solar Mosaic, Inc. (Dkt. 20) and Plaintiffs' Motion to Compel Complete Responses to Plaintiffs' Interrogatories and Requests for Production of Documents Directed to Defendants Vivint Solar, Inc. and Vivint Solar Developer, LLC (Dkt. 21) are **GRANTED IN PART** and **DENIED IN PART** to the extent specified herein; and

2. Defendants shall produce the discovery compelled by this order on a rolling basis to conclude by August 6, 2019.

**DONE** and **ORDERED** in Tampa, Florida, on July 23, 2019.

JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record

- 5 -

# Exhibit 3

 **CT Corporation**

**Service of Process Transmittal**
10/19/2018
CT Log Number 534262137

**TO:** Jami Day
Vivint Solar Holdings, Inc.
1800 W. Ashton Boulevard
Lehi, UT 84043

**RE:** **Process Served in Delaware**

**FOR:** Vivint Solar, Inc.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Jerard Brown and Elizabeth Cardona, Pltfs. vs. Solar Mosaic, Inc., et al., Dfts. // To: Vivint Solar, Inc. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Demand |
| **COURT/AGENCY:** | Hillsborough County Circuit Court, FL<br>Case # 18CA010099 |
| **NATURE OF ACTION:** | Violations of the Fair Credit Reporting Act - Elizabeth Cardona |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Trust Company, Wilmington, DE |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 10/19/2018 at 15:19 |
| **JURISDICTION SERVED :** | Delaware |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days after service, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | CRAIG E ROTHBURD<br>320 W KENNEDY BLVD SUITE 700<br>TAMPA, FL 33606-2722<br>813-251-8800 |
| **REMARKS:** | The documents received have been modified to reflect the name of the entity being served. |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 10/20/2018, Expected Purge Date: 10/25/2018<br><br>Image SOP<br><br>Email Notification,  Jami Day  jami.day@vivintsolar.com |
| **SIGNED:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | The Corporation Trust Company<br>1209 N Orange St<br>Wilmington, DE 19801-1120<br>302-658-7581 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT,
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIRCUIT CIVIL DIVISION

**Jerard Brown; Elizabeth Cardona**                    Case No.: **18-CA-010099**
Plaintiff(s)
vs
**Solar Mosaic, Inc.; Vivint Solar Developer, LLC;**
**Vivint Solar, Inc.**                                         Division H
Defendant(s)

**SUMMONS**

**THE STATE OF FLORIDA:**
To Each Sheriff of the State:
        **YOU ARE COMMANDED** to serve this summons and a copy of the complaint or petition in this
action on defendant(s)
        **Vivint Solar, Inc.**
        **c/o The Corporation Trust Company, as Registered Agent**
        **Corporate Trust Center - 1209 Orange Street**
        **Wilmington DE  19801**

        Each defendant is required to serve written defenses to the complaint or petition on CRAIG E ROTHBURD ,
Esquire, plaintiff's attorney, whose address is **CRAIG E ROTHBURD PA   320 W KENNEDY BLVD SUITE**
**700  TAMPA FL 33606-2722** within 20[1] days after service of this summons on that defendant, exclusive of the
day of service, and to file the original of the defenses with the clerk of this court either before service on
plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that
defendant for the relief demanded in the complaint or petition.
**DATED** on October 16, 2018.
Attorney: CRAIG E ROTHBURD , Esquire                    **PAT FRANK**
Attorney For: Jerard Brown                                  As Clerk of the Court
Address: CRAIG E ROTHBURD PA
320 W KENNEDY BLVD SUITE 700
TAMPA FL  33606-2722                                        *Dana Caranante*

Florida Bar No: 49182                                       Dana Caranante, Deputy Clerk
                                                            Prepared By:Lisa Mangual, Deputy Clerk
                                                            P.O. Box 3360              800 E Twiggs St
                                                            Tampa, FL 33601           Room 101
                                                                                      Tampa FL 33602
                                                (813)276-8100

[1] Except when suit is brought pursuant to section 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one
of its officials or employees sued in his or her official capacity is a defendant, the time to be inserted as to it is 40 days. When
suit is brought pursuant to section 768.28, Florida Statutes, the time to be inserted is 30 days.
**If you are a person with a disability who needs any accommodation in order to participate in this**
**proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact**
**the ADA Coordinator, Hillsborough County Courthouse, 800 E. Twiggs St., Room 604, Tampa,**
**Florida 33602, (813) 272-7040, at least 7 days before your scheduled court appearance, or**
**immediately upon receiving this notification if the time before the scheduled appearance is less**
**than 7 days; if you are hearing or voice impaired, call 711.**

Florida Rules of Civil Procedure Form 1.902(a). Summons (06/10)

Electronically Filed: Hillsborough County / 13th Judicial Circuit

## IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named in the documents.

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

## IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

Filing # 79323208 E-Filed 10/15/2018 12:13:07 PM

**IN AND FOR THE THIRTEENTH
JUDICIAL CIRCUIT OF FLORIDA
IN AND FOR HILLSBOROUGH COUNTY
FLORIDA – CIVIL DIVISION**

JERARD BROWN, and
ELIZABETH CARDONA,

     Plaintiff(s),

         CASE NO.:

     v.

         DIVISION:

VIVINT SOLAR, INC.,
VIVINT SOLAR DEVELOPER, LLC, and
SOLAR MOSAIC, INC.,

     Defendant(s).

## COMPLAINT

### General Allegations

1.     This is an action seeking damages in excess of $15,000.00, exclusive of attorney's fees and costs.

2.     Plaintiff, Jerard Brown, ("**Mr. Brown**") is a consumer who resides at 1514 Banner Elk Street, Valrico, Florida, and the incident that is the subject of Mr. Brown's claims occurred there.

3.     Plaintiff, Elizabeth Cardona, ("**Ms. Cardona**") is a consumer who resides at 2304 Woodway Drive, Orlando, Florida and the incident that is the subject of Ms. Cardona's claims occurred there.

4.     Defendant, Vivint Solar, Inc., is a Delaware corporation with a principal office at 1800 W. Ashton Blvd. Lehi, Utah 84043.

5.     Defendant Vivint Solar Developer LLC is registered in Florida as a foreign limited liability company with a principal office at 1800 W. Ashton Blvd. Lehi, Utah 84043.

6.     The two Vivint Defendants in this matter are solar energy providers and are referred to at times herein as "**Vivint Solar.**"

7.     Defendant, Solar Mosaic, Inc., is a Delaware corporation with a principal office at 1212 Broadway, Suite 300, Oakland, California 94612.

8.     Solar Mosaic, Inc. is a finance company that provides financing for the purchase of Vivint Solar's products.

9.     The Vivint Solar, Inc, Vivint Solar Developer LLC, and Solar Mosaic, Inc., are referred to at times herein as "**Defendants.**"

### Statement of Claim for Counts I - III
### Violations of the Fair Credit Reporting Act - Elizabeth Cardona

10.     Plaintiffs re-adopt and re-allege the above paragraphs and incorporate them by reference.

11.     This is an action for damages and other relief brought by a consumer pursuant to the federal Fair Credit Reporting Act ("**FCRA**"), 15 U.S.C. § 1681, *et seq.* The FCRA restricts access to consumer credit reports except for specific, statutorily enumerated purposes under 15 U.S.C. §1681b.

12.     Defendants, a solar energy provider and its captive finance company, without notice or permission, accessed Plaintiff Elizabeth Cardona's consumer report under false pretenses, without any permissible purpose or authorization.

13.     Defendants, as a part of their routine business practice, regularly obtain consumer credit reports from consumers in Florida and elsewhere upon false pretenses, without authorization by the consumer, and without a permissible purpose.

14.     Vivint Solar has been placed on notice of this illegal activity repeatedly, but has refused to discontinue the practice.

15.     Solar Mosaic, Inc., has been placed on notice of this illegal activity repeatedly, but has refused to discontinue the practice.

16.     On or about January 2017, Plaintiff Elizabeth Cardona was met at her home by a door-to-door salesman from the Vivint Solar defendants.

17.     During the visit, the Vivint Solar representative began to offer his pitch for enrolling Ms. Cardona for solar energy.

18.     Upon information and belief, the Vivint Solar representative was an agent of Vivint Solar, Inc., and/or Vivint Solar Developer, LLC, and approached Ms. Cardona on behalf of those companies to sell their solar power services.

19.     Upon information and belief, the Vivint Solar representative was an agent of Solar Mosaic, Inc., and approached Ms. Cardona on behalf of that company to finance Vivint Solar's solar power services.

20.     Upon information and belief, Solar Mosaic, Inc., is a finance company used by Vivint Solar to indirectly finance purchases of Vivint Solar's product. Solar Mosaic, Inc., does not directly approach the consumer about financing, but gets involved in a transaction when Vivint Solar's salesman goes door-to-door to make a sale, and Vivint Solar's salesman completes and submits an electronic credit application for Solar Mosaic, Inc. financing.

21.     During the Vivint Solar representative's visit to Ms. Cardona, Ms. Cardona specifically told the representative that she did not want her credit report pulled.

22.     The Vivint Solar representative assured Ms. Cardona that they were not going to look at her credit.

23.     Ms. Cardona did not sign or authorize the Vivint Solar representative to use her signature.

24.     Ms. Cardona later received an alert about a new hard inquiry of her credit report by "Solar Mosaic."

25.     Ms. Cardona was not provided, nor given the opportunity to review, any paperwork or documents, paper or electronic.

26.     Ms. Cardona never provided any authorization to have her credit report pulled by Vivint Solar or Solar Mosaic.

27.     Ms. Cardona called Vivint Solar and complained about the fact that her credit was pulled, but her complaints were ignored.

28.     Ms. Cardona filed a complaint with the Orange County Sheriff's office.

29.     Pursuant to 15 U.S.C. §1681b, a consumer report can be obtained only for the specific purposes stated thereunder, including for use in connection with a credit transaction that the consumer initiated, a firm credit offer, employment purposes, or a business transaction in which an individual has accepted personal liability for business credit.

30.     None of the three Defendants had a permissible purpose to obtain Ms. Cardona's credit report.

31.     The Vivint Solar defendants knew or should have known that Ms. Cardona did not authorize any inquiry into her credit information at any time, nor initiated any credit transaction.

32.     Discovery in this case will show that all three Defendants, as a pattern and practice, regularly obtain consumer reports on consumers without a permissible purpose and/or under false pretenses.

33.     Consumers across Florida and across the country have complained to both the Vivint Solar defendants and Solar Mosaic, Inc. that their door-to-door sales agents pulled their credit without consent or authorization.

34.     Consumers across Florida and across the country have complained to both the Vivint Solar defendants and Solar Mosaic, Inc. that their door-to-door sales agents obtained credit reports upon false pretenses, a federal crime.

35.     Upon information and belief, Defendants maintain a complaint tracker that documents the numerous instances where consumers have complained that Defendants have obtained their consumer credit reports without authorization.

36.     Consumers from Florida and across the country have complained to the Better Business Bureau and other entities that Defendants have obtained their consumer credit reports without authorization.

37.     Consumers from Florida and across the country have complained to state attorneys general and police departments that Defendants have obtained their consumer credit reports without authorization.

38.     The above facts, as well as forthcoming discovery in this case, will show that it is a corporate policy and culture at Defendants' businesses to look the other way and dismiss these numerous complaints and tacitly encourage their sales agents hide important sales details from consumers, forge and falsify authorization documents, or obtain credit reports without permission.

39.     Despite ample and repeated notice of this problem, Vivint Solar to this day continues to allow its salespeople to routinely invade the privacy of consumers and intentionally

violate the Act by requesting credit reports on Vivint Solar's own behalf and on behalf of Solar Mosaic, Inc. without a permissible purpose.

40.     As a result of all three Defendants' willful, wanton, reckless, and/or negligent action, Ms. Cardona has been damaged.

41.     The consumer reports obtained by Defendants included a trove of sensitive personal and private information about Ms. Cardona, such as credit history profile, pay histories, employer information and the like.

42.     Ms. Cardona's privacy has been invaded as a result of the willful, wanton, reckless and/or negligent conduct of Defendants.

43.     Ms. Cardona has lost trust and is suspicious, and has been constrained to monitor her credit regularly to prevent unauthorized access to her sensitive credit information.

44.     Ms. Cardona has suffered mental and emotional distress, worry, and aggravation as a result of Defendants' actions.

45.     Defendants have violated the Fair Credit Reporting Act by willfully and/or negligently obtaining Ms. Cardona's consumer credit report without a statutorily permissible purpose. 15 U.S.C. § 1681b; 1681q; 1681n and §1681o.

### Count I – Fair Credit Reporting Act
### (Cardona v. Vivint Solar, Inc)

46.     Ms. Cardona re-alleges and incorporates the above paragraphs by reference.

47.     Defendant, Vivint Solar, Inc., knowingly, willfully, and recklessly violated the FCRA by obtaining Ms. Cardona's consumer credit report upon false pretense and without a statutorily permissible purpose. 15 U.S.C. § 1681b; 1681q; 1681n and §1681o.

**WHEREFORE,** Plaintiff, Elizabeth Cardona, demands judgment against Defendant, Vivint Solar, Inc., for:

        (a)    Actual and compensatory damages as provided for in the Fair Credit Reporting Act;

        (b)    Punitive damages as provided for in the Fair Credit Reporting Act;

        (c)    A declaration that the conduct complained of violates the provisions of the Fair Credit Reporting Act, 15 U.S.C. § 1681b;

        (d)    An Order requiring that the Defendants return Plaintiff's confidential consumer report and destruction of any copies;

        (e)    Attorney's fees and costs as provided in any applicable contract, rule or statute; and

        (f)    Such other and further relief as the Court shall deem just and proper.

**Count II – Fair Credit Reporting Act**
**(Cardona v. Vivint Solar Developer, LLC)**

48.    Ms. Cardona re-alleges and incorporates the above paragraphs by reference.

49.    Defendant, Vivint Solar Developer, LLC, knowingly, willfully, and recklessly violated the FCRA by obtaining Ms. Cardona's consumer credit report upon false pretense and without a statutorily permissible purpose. 15 U.S.C. § 1681b; 1681q; 1681n and §1681o.

**WHEREFORE,** Plaintiff Elizabeth Cardona demands judgment against Defendant, Vivint Solar Developer, LLC, for:

        (a)    Actual and compensatory damages as provided for in the Fair Credit Reporting Act;

        (b)    Punitive damages as provided for in the Fair Credit Reporting Act;

(c)     A declaration that the conduct complained of violates the provisions of the Fair Credit Reporting Act, 15 U.S.C. § 1681b;

(d)     An Order requiring that the Defendants return Plaintiff's confidential consumer report and destruction of any copies;

(e)     Attorney's fees and costs as provided in any applicable contract, rule or statute; and

(f)     Such other and further relief as the Court shall deem just and proper.

### Count III – Fair Credit Reporting Act
### (Cardona v. Solar Mosaic, Inc.)

50.     Ms. Cardona re-alleges and incorporates the above paragraphs by reference.

51.     Defendant, Solar Mosaic, Inc., knowingly, willfully, and recklessly violated the FCRA by obtaining Ms. Cardona's consumer credit report upon false pretense and without a statutorily permissible purpose. 15 U.S.C. § 1681b; 1681q; 1681n and §1681o.

**WHEREFORE**, Plaintiff, Elizabeth Cardona, demands judgment against Defendant, Solar Mosaic, Inc., for:

(a)     Actual and compensatory damages as provided for in the Fair Credit Reporting Act;

(b)     Punitive damages as provided for in the Fair Credit Reporting Act;

(c)     A declaration that the conduct complained of violates the provisions of the Fair Credit Reporting Act, 15 U.S.C. § 1681b;

(d)     An Order requiring that the Defendants return Plaintiff's confidential consumer report and destruction of any copies;

(e)     Attorney's fees and costs as provided in any applicable contract, rule or statute ; and

(f)     Such other and further relief as the Court shall deem just and proper.

### Statement of Claim for Counts IV-VI
### Declaratory Relief

52.     This is an action for declaratory relief pursuant to Chapter 86, Florida Statutes (the Florida Declaratory Judgment Act).[1]

53.     Ms. Cardona re-alleges and incorporates the above paragraphs by reference.

54.     Ms. Cardona maintains that each of Defendants' conduct violates the Fair Credit Reporting Act, 15 U.S.C. § 1681b, as the Defendants knew or should have known they did not have a permissible purpose to pull her credit, were on notice of the complained-of conduct through numerous complaints from other consumers, but nonetheless continued and continue to allow their employees to violate the Act.

55.     Defendants engaged and continue to engage in the complained of conduct despite being put on notice of the same in violation of the Fair Credit Reporting Act.

56.     Ms. Cardona is in doubt concerning her rights, and a bona fide present controversy exists between Ms. Cardona and the Defendants concerning the proper interpretation of the Fair Credit Reporting Act and the parties' respective rights and obligations thereunder, with respect to issues which include but are not limited to the following:

---

[1] Florida law clearly provides that the Florida Declaratory Judgment Act confers substantive legal rights. *See*, § 86.101, Fla. Stat. (stating that chapter 86 "is declared to be substantive and remedial. Its purpose is to settle and to afford relief from insecurity and uncertainty with respect to rights, status, and other equitable or legal relations and is to be liberally administered and construed"). Florida appellate courts likewise hold that the Florida Declaratory Judgment Act is substantive. *School Bd. of Leon County v. Mitchell,* 346 So.2d 562, 564 (Fla. 1st DCA 1977) ("Chapter 86 is both substantive and remedial, and is to be liberally construed"); *Koscot Interplanetary, Inc. v. State ex rel. Conner,* 230 So.2d 24, 25 (Fla. 4th DCA 1970) (Chapter 86 "providing for declaratory decrees, is substantive and remedial").

(a)  Were Defendants lawfully able to pull Ms. Cardona's credit report under the circumstances?

(b)  What are the parties' respective rights and obligations concerning the Fair Credit Reporting Act in relation to Defendants' complained of conduct?

57.  The rights, status, or other equitable or legal relations of the parties are affected by the Fair Credit Reporting Act. Accordingly, pursuant to Chapter 86, Florida Statutes, Ms. Cardona may obtain a declaration of rights, status, or other equitable or legal relations thereunder.

58.  Section 86.011, Florida Statutes states that this Court has "jurisdiction ... to declare rights, status, and other equitable or legal relations whether or not further relief is or could be claimed." Thus, regardless of whether damages are available to Ms. Cardona under Count I-III, this Court still has jurisdiction to determine the parties' respective rights, status, and other equitable or legal relations under the Fair Credit Reporting Act.

59.  Section 86.011(2), Florida Statutes states that "The court may render declaratory judgments on the existence, or nonexistence ... Of any fact upon which the existence or nonexistence of such immunity, power, privilege, or right does or may depend, whether such immunity, power, privilege, or right now exists or will arise in the future." Thus, the Court still has jurisdiction to determine whether Defendants' conduct has been unlawful, in order to prevent the same unlawful conduct in the future.

60.  Section 86.021, Florida Statutes states, "Any person claiming to be interested or who may be in doubt about his or her rights under a ... contract, ... or whose rights, status, or other equitable or legal relations are affected by a statute ... may have determined any question of construction or validity arising under such statute, ... contract, ... or any part thereof, and

obtain a declaration of rights, status, or other equitable or legal relations thereunder." Thus, the Court has jurisdiction to determine the rights of "any person" (such as Ms. Cardona) who is in doubt about her rights under the Fair Credit Reporting Act.

61.     Section 86.071, Florida Statutes states, in pertinent part, that when a declaratory action "concerns the determination of an issue of fact, the issue may be tried as issues of fact are tried in other civil actions in the court in which the proceeding is pending. To settle questions of fact necessary to be determined before judgment can be rendered, the court may direct their submission to a jury." Thus, the existence of disputed fact issues does not prevent the Court from providing declaratory relief under Chapter 86.

62.     Section 86.101, Florida Statutes states, "This chapter is declared to be substantive and remedial. Its purpose is to settle and to afford relief from insecurity and uncertainty with respect to rights, status, and other equitable or legal relations and is to be liberally administered and construed." Thus, Chapter 86 is substantive in nature, and this Court must liberally administer and construe Chapter 86, in order to afford the parties relief from insecurity and uncertainty with respect to their respective rights, status, and other equitable or legal relations under the Fair Credit Reporting Act.

63.     Section 86.111, Florida Statutes states, "The existence of another adequate remedy does not preclude a judgment for declaratory relief." Again, this statute confirms that declaratory relief is available under Chapter 86, regardless of whether damages are available to Ms. Cardona under Counts I-III.

### Count IV – Declaratory Relief
### (Cardona v. Vivint Solar, Inc)

64.     Ms. Cardona re-alleges and incorporates the above paragraphs by reference.

65.     For the reasons set forth above, declaratory relief pursuant to Chapter 86 of the Florida Statutes is appropriate.

**WHEREFORE**, Plaintiff, Elizabeth Cardona, demands judgment against Defendant, Vivint Solar, Inc., for:

(a)     A declaration that the conduct complained of violates the provisions of the Fair Credit Reporting Act, 15 U.S.C. § 1681b;

(b)     An Order requiring that the Defendants return Plaintiff's confidential consumer report and destruction of any copies;

(c)     Attorney's fees and costs as provided in any applicable contract, rule or statute; and

(d)     Such other and further relief as the Court shall deem just and proper.

### Count V – Declaratory Relief
### (Cardona v. Vivint Solar Developer, LLC)

66.     Ms. Cardona re-alleges and incorporates the above paragraphs by reference.

67.     For the reasons set forth above, declaratory relief pursuant to Chapter 86 of the Florida Statutes is appropriate.

**WHEREFORE**, Plaintiff, Elizabeth Cardona, demands judgment against Defendant, Vivint Solar Developer, LLC, for:

(a)     A declaration that the conduct complained of violates the provisions of the Fair Credit Reporting Act, 15 U.S.C. § 1681b;

(b)     An Order requiring that the Defendants return Plaintiff's confidential consumer report and destruction of any copies;

(c)     Attorney's fees and costs as provided in any applicable contract, rule or statute ; and

(d)     Such other and further relief as the Court shall deem just and proper.

**Count VI – Declaratory Relief**
**(Cardona v. Solar Mosaic, Inc.)**

68.     Ms. Cardona re-alleges and incorporates the above paragraphs by reference.

69.     For the reasons set forth above, declaratory relief pursuant to Chapter 86 of the Florida Statutes is appropriate.

**WHEREFORE**, Plaintiff, Elizabeth Cardona, demands judgment against Defendant, Solar Mosaic, Inc., for:

(a)     A declaration that the conduct complained of violates the provisions of the Fair Credit Reporting Act, 15 U.S.C. § 1681b;

(b)     An Order requiring that the Defendants return Plaintiff's confidential consumer report and destruction of any copies;

(c)     Attorney's fees and costs as provided in any applicable contract, rule or statute; and

(d)     Such other and further relief as the Court shall deem just and proper.

**Statement of Claim for Counts VII - IX**
**Violations of the Fair Credit Reporting Act - Jerard Brown**

70.     Plaintiffs re-adopt and re-allege the above paragraphs and incorporate them by reference.

71.     On or about October 2017, Plaintiff, Jerard Brown, was met at his home by a door-to-door salesman from the Vivint Solar defendants.

72.     During the visit, the Vivint Solar representative began to offer his pitch for enrolling Mr. Brown for solar energy.

73.     Upon information and belief, the Vivint Solar representative was an agent of Vivint Solar, Inc., and/ or Vivint Solar Developer, LLC, and approached Mr. Brown on behalf of those companies to sell their solar power services.

74.     Upon information and belief, the Vivint Solar representative was an agent of Solar Mosaic, Inc., and approached Mr. Brown on behalf of that company to finance Vivint Solar's solar power services.

75.     Upon information and belief, Solar Mosaic, Inc., is a finance company used by Vivint Solar to indirectly finance purchases of Vivint Solar's product.  Solar Mosaic, Inc., does not directly approach the consumer about financing, but gets involved in a transaction when Vivint Solar's salesman goes door-to-door to make a sale, and Vivint Solar's salesman completes and submits an electronic credit application for Solar Mosaic, Inc. financing.

76.     During the visit, Mr. Brown did not sign or authorize the Vivint Solar representative to use his signature.

77.     During the visit, Mr. Brown was not provided, nor given the opportunity to review, any paperwork or documents, paper or electronic.

78.     During the visit, Mr. Brown never provided any authorization to have his credit report pulled by Vivint Solar.

79.     Soon after the visit, Mr. Brown received an alert about a new hard inquiry of his credit report by "Solar Mosaic."

80.     Mr. Brown called Vivint Solar and complained about the fact that his credit was pulled, but his complaints were ignored.

81.     Pursuant to 15 U.S.C. §1681b, a consumer report can be obtained only for the specific purposes stated thereunder, including for use in connection with a credit transaction that

the consumer initiated, a firm credit offer, employment purposes, or a business transaction in which an individual has accepted personal liability for business credit.

82. None of the three Defendants had a permissible purpose to obtain Mr. Brown's credit report.

83. The Vivint Solar defendants knew or should have known that Mr. Brown did not authorize any inquiry into his credit information at any time, nor initiated any credit transaction.

84. As a result of all three Defendants' willful, wanton, reckless, and/or negligent action, Mr. Brown has been damaged.

85. The consumer reports obtained by Defendants included a trove of sensitive personal and private information about Mr. Brown, such as credit history profile, pay histories, employer information and the like.

86. Mr. Brown's privacy has been invaded as a result of the willful, wanton, reckless and/or negligent conduct of Defendants.

87. Mr. Brown has suffered mental and emotional distress, worry, and aggravation as a result of Defendants' actions.

88. Defendants have violated the Fair Credit Reporting Act by willfully and/or negligently obtaining Mr. Brown's consumer credit report without a statutorily permissible purpose. 15 U.S.C. § 1681b; 1681q; 1681n and §1681o.

## Count VII – Fair Credit Reporting Act
### (Brown v. Vivint Solar, Inc)

89. Mr. Brown re-alleges and incorporates the above paragraphs by reference.

90. Defendant, Vivint Solar, Inc., knowingly, willfully, and recklessly violated the FCRA by obtaining Mr. Brown's consumer credit report upon false pretense and without a statutorily permissible purpose. 15 U.S.C. § 1681b; 1681q; 1681n and §1681o.

**WHEREFORE**, Plaintiff, Jerard Brown, demands judgment against Defendant, Vivint Solar, Inc., for:

    (a)    Actual and compensatory damages as provided for in the Fair Credit Reporting Act;

    (b)    Punitive damages as provided for in the Fair Credit Reporting Act;

    (c)    A declaration that the conduct complained of violates the provisions of the Fair Credit Reporting Act, 15 U.S.C. § 1681b;

    (d)    An Order requiring that the Defendants return Plaintiff's confidential consumer report and destruction of any copies;

    (e)    Attorney's fees and costs as provided in any applicable contract, rule or statute; and

    (f)    Such other and further relief as the Court shall deem just and proper.

### Count VIII – Fair Credit Reporting Act
### (Brown v. Vivint Solar Developer, LLC)

91.    Mr. Brown re-alleges and incorporates the above paragraphs by reference.

92.    Defendant, Vivint Solar Developer, LLC, knowingly, willfully, and recklessly violated the FCRA by obtaining Mr. Brown's consumer credit report upon false pretense and without a statutorily permissible purpose. 15 U.S.C. § 1681b; 1681q; 1681n and §1681o.

**WHEREFORE**, Plaintiff, Jerard Brown, demands judgment against Defendant, Vivint Solar Developer, LLC, for:

    (a)    Actual and compensatory damages as provided for in the Fair Credit Reporting Act;

    (b)    Punitive damages as provided for in the Fair Credit Reporting Act;

(c)     A declaration that the conduct complained of violates the provisions of the Fair Credit Reporting Act, 15 U.S.C. § 1681b;

(d)     An Order requiring that the Defendants return Plaintiff's confidential consumer report and destruction of any copies;

(e)     Attorney's fees and costs as provided in any applicable contract, rule or statute; and

(f)     Such other and further relief as the Court shall deem just and proper.

### Count IX – Fair Credit Reporting Act
### (Brown v. Solar Mosaic, Inc.)

93.     Mr. Brown re-alleges and incorporates the above paragraphs by reference.

94.     Defendant, Solar Mosaic, Inc., knowingly, willfully, and recklessly violated the FCRA by obtaining Mr. Brown's consumer credit report upon false pretense and without a statutorily permissible purpose. 15 U.S.C. § 1681b; 1681q; 1681n and §1681o.

**WHEREFORE**, Plaintiff, Jerard Brown, demands judgment against Defendant, Solar Mosaic, Inc., for:

(a)     Actual and compensatory damages as provided for in the Fair Credit Reporting Act;

(b)     Punitive damages as provided for in the Fair Credit Reporting Act;

(c)     A declaration that the conduct complained of violates the provisions of the Fair Credit Reporting Act, 15 U.S.C. § 1681b;

(d)     An Order requiring that the Defendants return Plaintiff's confidential consumer report and destruction of any copies;

(e)     Attorney's fees and costs as provided in any applicable contract, rule or statute ; and

(f)      Such other and further relief as the Court shall deem just and proper.

### Statement of Claim for Counts X - XII
### Declaratory Relief

95.      This is an action for declaratory relief pursuant to Chapter 86, Florida Statutes (the Florida Declaratory Judgment Act).

96.      Mr. Brown re-alleges and incorporates the above paragraphs by reference.

97.      Mr. Brown maintains that each of Defendants' conduct violates the Fair Credit Reporting Act, 15 U.S.C. § 1681b, as the Defendants knew or should have known they did not have a permissible purpose to pull his credit, were on notice of the complained-of conduct through numerous complaints from other consumers, but nonetheless continued and continue to allow their employees to violate the Act.

98.      Defendants engaged and continue to engage in the complained of conduct despite being put on notice of the same in violation of the Fair Credit Reporting Act.

99.      Mr. Brown is in doubt concerning his rights, and a bona fide present controversy exists between Mr. Brown and the Defendants concerning the proper interpretation of the Fair Credit Reporting Act and the parties' respective rights and obligations thereunder, with respect to issues which include but are not limited to the following:

(a)      Were Defendants lawfully able to pull Mr. Brown's credit report under the circumstances?

(b)      What are the parties' respective rights and obligations concerning the Fair Credit Reporting Act in relation to Defendants' complained of conduct?

100.      The rights, status, or other equitable or legal relations of the parties are affected by the Fair Credit Reporting Act.  Accordingly, pursuant to Chapter 86, Florida Statutes, Mr. Brown may obtain a declaration of rights, status, or other equitable or legal relations thereunder.

101.     Section 86.011, Florida Statutes states that this Court has "jurisdiction ... to declare rights, status, and other equitable or legal relations whether or not further relief is or could be claimed." Thus, regardless of whether damages are available to Mr. Brown under Count I-III, this Court still has jurisdiction to determine the parties' respective rights, status, and other equitable or legal relations under the Fair Credit Reporting Act.

102.     Section 86.011(2), Florida Statutes states that "The court may render declaratory judgments on the existence, or nonexistence ... Of any fact upon which the existence or nonexistence of such immunity, power, privilege, or right does or may depend, whether such immunity, power, privilege, or right now exists or will arise in the future." Thus, the Court still has jurisdiction to determine whether Defendants' conduct has been unlawful, in order to prevent the same unlawful conduct in the future.

103.     Section 86.021, Florida Statutes states, "Any person claiming to be interested or who may be in doubt about his or her rights under a ... contract, ... or whose rights, status, or other equitable or legal relations are affected by a statute ... may have determined any question of construction or validity arising under such statute, ... contract, ... or any part thereof, and obtain a declaration of rights, status, or other equitable or legal relations thereunder." Thus, the Court has jurisdiction to determine the rights of "any person" (such as Mr. Brown) who is in doubt about his rights under the Fair Credit Reporting Act.

104.     Section 86.071, Florida Statutes states, in pertinent part, that when a declaratory action "concerns the determination of an issue of fact, the issue may be tried as issues of fact are tried in other civil actions in the court in which the proceeding is pending. To settle questions of fact necessary to be determined before judgment can be rendered, the court may direct their

submission to a jury." Thus, the existence of disputed fact issues does not prevent the Court from providing declaratory relief under Chapter 86.

105.      Section 86.101, Florida Statutes states, "This chapter is declared to be substantive and remedial. Its purpose is to settle and to afford relief from insecurity and uncertainty with respect to rights, status, and other equitable or legal relations and is to be liberally administered and construed." Thus, Chapter 86 is substantive in nature, and this Court must liberally administer and construe Chapter 86, in order to afford the parties relief from insecurity and uncertainty with respect to their respective rights, status, and other equitable or legal relations under the Fair Credit Reporting Act.

106.      Section 86.111, Florida Statutes states, "The existence of another adequate remedy does not preclude a judgment for declaratory relief." Again, this statute confirms that declaratory relief is available under Chapter 86, regardless of whether damages are available to Mr. Brown under Counts VII - IX.

### Count X – Declaratory Relief
### (Brown v. Vivint Solar, Inc)

107.      Mr. Brown re-alleges and incorporates the above paragraphs by reference.

108.      For the reasons set forth above, declaratory relief pursuant to Chapter 86 of the Florida Statutes is appropriate.

**WHEREFORE**, Plaintiff, Jerard Brown, demands judgment against Defendant, Vivint Solar, Inc., for:

(a)      A declaration that the conduct complained of violates the provisions of the Fair Credit Reporting Act, 15 U.S.C. § 1681b;

(b)      An Order requiring that the Defendants return Plaintiff's confidential consumer report and destruction of any copies;

(c)    Attorney's fees and costs as provided in any applicable contract, rule or statute; and

(d)    Such other and further relief as the Court shall deem just and proper.

### Count XI – Declaratory Relief
### (Brown v. Vivint Solar Developer, LLC)

109.    Mr. Brown re-alleges and incorporates the above paragraphs by reference.

110.    For the reasons set forth above, declaratory relief pursuant to Chapter 86 of the Florida Statutes is appropriate.

**WHEREFORE**, Plaintiff, Jerard Brown, demands judgment against Defendant, Vivint Solar Developer, LLC, for:

(a)    A declaration that the conduct complained of violates the provisions of the Fair Credit Reporting Act, 15 U.S.C. § 1681b;

(b)    An Order requiring that the Defendants return Plaintiff's confidential consumer report and destruction of any copies;

(c)    Attorney's fees and costs as provided in any applicable contract, rule or statute; and

(d)    Such other and further relief as the Court shall deem just and proper.

### Count XII – Declaratory Relief
### (Brown v. Solar Mosaic, Inc.)

111.    Mr. Brown re-alleges and incorporates the above paragraphs by reference.

112.    For the reasons set forth above, declaratory relief pursuant to Chapter 86 of the Florida Statutes is appropriate.

**WHEREFORE**, Plaintiff, Jerard Brown, demands judgment against Defendant, Solar Mosaic, Inc., for:

(a)    A declaration that the conduct complained of violates the provisions of the Fair Credit Reporting Act, 15 U.S.C. § 1681b;

(b)    An Order requiring that the Defendants return Plaintiff's confidential consumer report and destruction of any copies;

(c)    Attorney's fees and costs as provided in any applicable contract, rule or statute; and

(d)    Such other and further relief as the Court shall deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury as to all issues so triable.

DATE:  **15th day of October 2018**.

Respectfully submitted,

CRAIG E. ROTHBURD, P.A.

/s/ *Craig E. Rothburd*

CRAIG E. ROTHBURD, ESQ.-FBN: 0049182
320 W. Kennedy Blvd., #700
Tampa, Florida  33606
Telephone:   (813) 251-8800
Fax:         (813) 251-5042
Primary Email:    crothburd@e-rlaw.com
Secondary Email:   mropp@e-rlaw.com
*Counsel for Plaintiffs*
CERPA File No.  6698

**UNITED STATES DISTRICT COURT**
**THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ELIZABETH CARDONA and JERARD BROWN,<br><br>                        Plaintiffs,<br><br>     v.<br><br>VIVINT SOLAR, INC.,<br>VIVINT SOLAR DEVELOPER, LLC, and<br>SOLAR MOSAIC, INC.,<br><br>                    Defendants. | Civil Action No. |

**UNITED STATES DISTRICT COURT**
**THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| ELIZABETH CARDONA and JERARD BROWN,<br><br>                        Plaintiffs,<br><br>     v.<br><br>VIVINT SOLAR, INC.,<br>VIVINT SOLAR DEVELOPER, LLC, and<br>SOLAR MOSAIC, INC.,<br><br>                    Defendants. | Civil Action No. 18-cv-02838-SCB-JSS |

## <u>ORDER</u>

THIS MATTER having been opened to the Court by Ballard Spahr LLP, attorneys for Defendants, by way of a Motion to Quash Subpoena and the Court having reviewed the papers in support of Defendants' motion, together with any opposition thereto; and the Court having heard the arguments of counsel, if any; and good cause having been shown;

IT   IS   THIS   _____   day   of   _____, 2019   hereby
ORDERED that Defendants' Motion to Quash the Subpoena served upon TransUnion LLC is and
be GRANTED.

_____
United States District Judge
Eastern District of Pennsylvania