UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

ELIZABETH CARDONA and :
JERARD BROWN, :
    Plaintiffs, :
:
    v. : No. 2:19-mc-00161
:
VIVINT SOLAR, INC.; :
VIVINT SOLAR DEVELOPER, LLC; and :
SOLAR MOSAIC, INC., :
    Defendants :

**O P I N I O N**

**Joseph F. Leeson, Jr.**     **September 26, 2019**
**United States District Judge**

## I.   INTRODUCTION

Plaintiffs Elizabeth Cardona and Jerard Brown filed a lawsuit in the United States District Court, Middle District of Florida against Defendants Vivint Solar, Inc. and Vivint Solar Developer, LLC (collectively "Vivint"), and Vivint's finance company Solar Mosaic, Inc. alleging violations of the Fair Credit Reporting Act ("FCRA"). Presently pending before this Court is Defendants' motion to quash or modify a subpoena issued by Plaintiffs on Trans Union, LLC, which requires compliance in the Eastern District of Pennsylvania.

## II.   BACKGROUND

In the underlying case, Plaintiffs allege that Vivint conducts door-to-door sales for the installment of solar panels and that after being approached by Vivint salespersons, they each received an alert about a new hard inquiry of their credit reports by Mosaic. Plaintiffs allege that they did not authorize Vivint to pull their consumer reports, nor did they sign any documents

giving Vivint permission to do so.  They further allege that Defendants regularly obtain credit reports on consumers without a permissible purpose.

Plaintiffs requested discovery from Defendants regarding prior complaints of FCRA violations and moved to compel production of the same.  After a hearing on Plaintiffs' motions, United States Magistrate Judge Julie S. Sneed, United States District Court, Middle District of Florida, issued an order on July 23, 2019, limiting the scope of discovery into prior complaints against Defendants to those "from Florida, in 2016 and 2017."  Disc. Order, ECF No. 1 at Ex. B.

On August 29, 2019, Plaintiffs issued a subpoena on Trans Union, LLC, a non-party, to appear for a deposition in Narbeth, Pennsylvania, and to produce a number of documents, including:

> 12. Any documents in your possession reflecting the allegation that Vivint Solar, Inc., Vivint Solar Developer, LLC, or Solar Mosaic, Inc. accessed a consumer's credit report without authorization.
>
> 13. Any documents in your possession reflecting the allegation that Vivint Solar, Inc., Vivint Solar Developer, LLC, or Solar Mosaic, Inc. accessed a consumer's credit report without a permissible purpose.
>
> 14. Any and all documents in your custody, control or possession relating to any review or investigation conducted by you into whether Vivint Solar, Inc., Vivint Solar Developer, LLC, or Solar Mosaic, Inc. was obtaining consumer credit reports without authorization or a permissible purpose.

Subp., ECF No. 1 at Ex. A.  The subpoena further directs Trans Union, LLC to designate someone to appear for a deposition who is knowledgeable to testify concerning, *inter alia*:

> 12. Any review or investigation whether Vivint Solar, Inc., Vivint Solar Developer, LLC, and Solar Mosaic, Inc. was obtaining consumer credit reports without authorization or a permissible purpose.
>
> 13. Your review and/or investigation of the business procedures/practices of Vivint Solar, Inc., Vivint Solar Developer, LLC, and Solar Mosaic, Inc.

> 14. The location, custodian and contents of the documents (including electronically stored documents) request in this Subpoena.

*Id.*

Defendants have filed a motion to quash or modify these paragraphs of the subpoena because they arguably seek confidential information outside the scope of the July 23, 2019 discovery order. Mot. 5-6, ECF No. 1 (arguing that "Plaintiffs are intentionally defying Judge Sneed's Discovery Order"). In Response, Plaintiffs assert that the requested discovery is relevant and, also, that Defendants lack standing to move to quash the subpoena. Resp. 4-12, ECF No. 5.

## III. STANDARD OF REVIEW

"Federal Rule of Civil Procedure 26 sets forth the general scope of discovery in civil suits." *Frank v. Honeywell Int'l, Inc.*, No. 15-mc-00172, 2015 U.S. Dist. LEXIS 106453, at *11 (E.D. Pa. Aug. 12, 2015); Fed. R. Civ. P. 26. To obtain discovery within the scope of Rule 26, Federal Rule of Civil Procedure 45 allows a party to issue a subpoena to other parties and to non-parties. *See id.*; Fed. R. Civ. P. 45. Rule 45 also outlines when a court must or may quash or modify a subpoena. *See id.*

"Ordinarily, only the non-parties whom were served with the subpoenas may move to have them quashed under [Rule 45.]" *Davis v. Gen. Accident Ins. Co. of Am.*, No. 98-4736, 1999 U.S. Dist. LEXIS 5344, at *6 (E.D. Pa. Apr. 15, 1999). "An exception exists, however, where a party claims 'some personal right or privilege in respect to the subject matter of a subpoena duces tecum directed to a nonparty.'" *Id.* (quoting *Dart Indus., Inc. v. Liquid Nitrogen Proc. Corp. of Cal.*, 50 F.R.D. 286, 291 (D. Del. 1970)). The "mere fact that a third-party subpoena seeks information about a party's conduct would likely not suffice" to satisfy this exception; otherwise, "the exception would undoubtedly swallow the rule, as presumably, many (if not

most) third-party subpoenas seek information concerning one of the other parties in the case, or information through which one party might affect another party's position in the case." *Green v. Cosby*, 216 F. Supp. 3d 560, 5645 (E.D. Pa. 2016). However, a party also "has standing to move to enforce the Court's orders and rules." *Mortg. Payment Prot., Inc. v. Cynosure Fin., Inc.*, No. 6:08-cv-1212-Orl-22GJK, 2010 U.S. Dist. LEXIS 149606, at *10 (M.D. Fla. Nov. 5, 2010) (concluding that the plaintiff had standing to seek to enforce the court's discovery deadline); *see also Auto-Owners Ins. Co. v. Southeast Floating Docks, Inc.*, 231 F.R.D. 426, 428 (M.D. Fla. 2005) (finding that a party has a personal interest in receiving adequate notice of depositions and therefore has standing to move to enforce the court's orders and rules"); *Thomas v. Marina Assocs.*, 202 F.R.D. 433, 435 n.2 (E.D. Pa. 2001) (determining that a violation of a case management order confers standing).

## IV.   ANALYSIS

Regardless of whether Defendants have a personal right or privilege in documents alleging that they accessed a consumer's credit report without authorization and/or a permissible purpose, or in documents relating to any review or investigation regarding the same, Defendants do have a personal interest in preventing Plaintiffs from circumventing the court's July 23, 2019 discovery order by subpoenaing a third-party. In the order, Judge Sneed limited the scope of discovery into prior complaints against Defendants to those "from Florida, in 2016 and 2017," *see* Disc. Order; but the subpoena at issue does not contain either a geographic or time limitation.

In *Shevlin*, the district court concluded that in light of the previous discovery disputes and court orders, the defendant had "standing, at a minimum, to address the relevance of the information sought by way of the subpoena." *See Shevlin v. Phx. Life Ins. Co.*, No. 09-6323, 2012 U.S. Dist. LEXIS 199636, at *4-6 (D.N.J. May 24, 2012). The court reasoned that

"otherwise, a party would be able to circumvent a court's ruling by obtaining from a non-party what a court precluded it from obtaining from its adversary." *See id.* (stating that "Shevlin cannot get through the back door what the Court prevented it from obtaining through the front door").

This Court agrees with *Shevlin* and finds that Defendants have standing to bring the instant motion because of their interest in preventing Plaintiffs from circumventing the July 23, 2019 discovery order. *See also Auto-Owners Ins. Co.*, 231 F.R.D. at 428; *Thomas*, 202 F.R.D. at 435 n.2.

Judge Sneed's order clearly indicates that discovery of prior complaints against Defendants is limited to those "from Florida, in 2016 and 2017." The court applied this limitation after a hearing on Plaintiffs' motion to compel production of additional prior complaints and "after considering the relevance of prior complaints and the proportionality to the needs of the case." *See* Disc. Order. Judge Sneed rejected Plaintiffs' argument, which is repeated here, that all prior complaints are relevant. This Court similarly finds Plaintiffs' argument unpersuasive. Allowing them to obtain information directly from Trans Union, LLC, that they were prohibited from obtaining from Defendants would essentially render the discovery order meaningless. Thus, Defendants' motion to quash or modify the subpoena to comply with Judge Sneed's order is granted. *See Shevlin*, 2012 U.S. Dist. LEXIS 199636, at *5 (concluding that even though the subpoena the defendant sought to quash was issued prior to the court's discovery order, the plaintiff could not obtain information from a third-party that was outside the clear parameters for the scope of permissible discovery and therefore limiting production to documents within the "relevant time frame for discovery").

Paragraphs 12, 13, and 14 of the subpoena to Trans Union, LLC for production of documents is modified to include the same geographic and time limitations: Vivint's and

Mosaic's access to consumer's credit reports without authorization and/or without a permissible purpose "in Florida, in 2016 and 2017." Paragraphs 12 and 13 of the subpoena to Trans Union, LLC for deposition are similarly modified. The subpoena deadlines remain stayed for up to thirty days, during which time the parties shall work cooperatively to reschedule the deposition.

Finally, as to Defendants' argument that the subpoena seeks disclosure of sensitive information for non-parties, this is not sufficient grounds to quash the subpoena. *See In re O'Keeffe*, 646 F. App'x 263, 268-69 (3d Cir. 2016) (affirming the district court's order refusing to quash the subpoena because any confidentiality concerns could be adequately addressed by a protective order). Instead, Defendants are advised that they can seek a protective order in the underlying action.

## V. CONCLUSION

Defendants' motion to quash or modify the subpoena to comply with Judge Sneed's discovery order is granted because Plaintiffs may not obtain information from a third-party that they were unable to obtain from Defendants.

A separate order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge